**Lonibeth OSTER, by Her Guardian Ad Litem, Maisie J. Oster, Appellant,**

v.

**UNION PACIFIC RAILROAD COM-PANY, Appellee.**

**No. 16436.**

United States Court of Appeals Ninth Circuit.

Dec. 28, 1959.

M. J. Doepker, M. F. Hennessey, Butte, Mont., for appellant.

Corette, Smith & Dean, Kendrick Smith, Allen R. McKenzie, Butte, Mont., for appellee.

Before CHAMBERS, BONE and MERRILL, Circuit Judges.

PER CURIAM.

The complaint in this diversity case was projected on the theory of attractive nuisance. The alleged offending structure was an ore loading platform of the defendant-appellee at Melrose in Silver Bow County, Montana. The court granted a motion to dismiss the first complaint. Plaintiff tendered a second complaint but, under the procedure of a local rule, leave to file that complaint was denied.[1] Promptly after the rejection of the filing of the amended complaint, judgment was entered in favor of defendant.

■ We think, in this day of notice pleading, that the complaints (at least the second one) were just sufficient to withstand a motion to dismiss.[2] Some-

1. Plaintiff insists that Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., gave her an absolute right to file the second complaint. This point alone should not be the ground for reversal because the trial court did consider the sufficiency of the second complaint and found it wanting.

2. Conley v. Gibson, 355 U.S. 41, at page 48, 78 S.Ct. 99, at page 103, 2 L.Ed.2d 80. Cf. Gruen Watch Co. v. Artists Alliance, 9 Cir., 191 F.2d 700, at page 705.

how in the ruling there seems to be a trace of judicial knowledge of the nature of ore ramps in the mining country of Montana which has apparently been considered. But the trial court did recognize that an ore ramp could be an attractive nuisance.

 At least, we believe, the plaintiff-appellant was entitled to show the court what the ramp was and relate how the injury occurred. Counsel for plaintiff-appellant in a spirit of helpfulness have appended to their brief several pictures of the ramp. We just cannot consider the pictures, so imported, to determine whether they help the plaintiff or put her out of court.

We express no opinion as to whether plaintiff can show enough to withstand a motion for summary judgment or a motion for directed verdict.

Judgment reversed for proceedings consistent herewith.